UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff(s),<br><br>v.<br><br>MARCUS ANTONIO ZAMUDIO-OROZCO,<br><br>Defendant(s). | Case No.2:23-CR-58 JCM (MDC)<br><br>ORDER |

Presently before the court is defendant Marcus Zamudio's motion to amend his sentence under FRCP 35(a). (ECF No. 58). The government filed a notice of non-opposition. (ECF No. 59). For the reasons explained below, the court DENIES the motion.

Marcus Zamudio appeared before the court for sentencing on December 9, 2024. (*See* ECF No. 56). Zamudio objected to U.S. Probation's calculation of his criminal history points in the Presentence Investigation Report, which established a sentencing guideline range of 37-46 months. (ECF No. 54). He argued that his prior state conviction for third-degree rape of a child does not qualify as a "forcible sex offense" under Washington law and therefore should not trigger the criminal history point enhancement under U.S.S.G. § 4A1.1(e). (*Id*.). Zamudio's calculation would have established a sentencing guideline range of 30-37 months. (*Id*.).

The court found in favor of Probation's calculation and sentenced Zamudio to 37 months— the low-end of Probation's guideline range. (ECF No. 56). Zamudio now moves to amend his sentence under Federal Rule of Criminal Procedure 35(a), arguing the court committed clear error and miscalculated his criminal history points based on his prior convictions.

Rule 35(a) allows the court to correct a sentence that resulted from clear error within 14 days of sentencing. Fed. R. Crim. P. 35(a). The deadline imposes a strict jurisdictional restraint

that divests the district court of the power to amend after 14 days, even if the motion was filed before the 14-day period expired. *See United States v. Aguilar-Reyes*, 653 F.3d 1053, 1054 (9th Cir. 2011); *United States v. Barragan-Mendoza*, 174 F.3d 1024, 1029 (9th Cir. 1999) (finding the district court lacked jurisdiction to amend the defendant's sentence after the time period expired even though the government's motion was timely).

Here, the court finds it lacks jurisdiction to consider the merits of Zamudio's motion. Zamudio was sentenced on December 9, 2024. He filed the instant motion 8 days later, on a non-emergency basis, on December 18, 2024, and the government did not notice its non-opposition until December 30, 2024. Zamudio's motion is now beyond the 14-day time period permitted under Rule 35(a) and therefore beyond this court's jurisdiction.[1] The Federal Rules of Criminal Procedure explicitly dictate that district courts have no authority to extend the 14-day deadline under Rule 35(a). Fed. R. Crim. P. 45(b)(2).

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Marcus Zamudio's motion to amend sentence (ECF No. 58) be, and the same hereby is, DENIED.

DATED March 18, 2025.

_____
UNITED STATES DISTRICT JUDGE

---

[1] Moreover, Rule 35(a) is extremely limited in scope and does not permit the court to reconsider the application or interpretation of the sentencing guidelines, or for the court to change its mind about the appropriateness of the sentence. *United States v. Penna*, 319 F.3d, 509, 512 n.3 (9th Cir. 2003).